UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PURPURA, CDCR #V-66470,<br><br>                    Plaintiff,<br><br>vs.<br><br>DOES MEMBERS OF THE INMATE CLASSIFICATION COMMITTEE,<br><br>                    Defendants. | Case No.: 3:20-cv-01688-JAH-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; and**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Frank Purpura ("Plaintiff"), represented by counsel, and currently incarcerated at the Richard J. Donovan Correctional Facility, has filed a Complaint pursuant to 42 U.S.C. § 1983 ("Compl." ECF No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his Eighth Amendment rights by failing to protect him from being attacked by another inmate. (*See* Compl. at 3-4.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a prison certificate of funds authorized by an RJD accounting official. *See* ECF No. 3 at 1-3, 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of $117.04, maintained $108.33 in average monthly deposits to his trust account for the 6-

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

months preceding the filing of this action, and had an available balance of $180.43 to his credit at the time of filing. *See* ECF No. 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $23.41 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Secretary of the CDCR, or his designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

3

3:20-cv-01688-JAH-BGS

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Eighth Amendment Claims</u>

Here, the Court finds Plaintiff's allegations sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners ...." and therefore, "may be held liable … if [they] know[] that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."). "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk ... for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843; *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on Defendants on his behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

---

[2] However, Plaintiff must identify the unknown members of the Inmate Classification Committee he claims were aware of the risk posed and responsible for abating it, *see Farmer*, 511 U.S. at 833, 837, and substitute their true names in an amended pleading before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve them upon Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him once Plaintiff discovers their identities. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 11, 2020

Hon. John A. Houston
United States District Judge