UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PURPURA,<br><br>         Plaintiff,<br><br>vs.<br><br>DOES MEMBERS OF THE INMATE CLASSIFICATION COMMITTEE; CHAIRPERSON R. CALVERT,<br><br>         Defendants. | Case No.: 3:20-cv-01688-JAH-BGS<br><br>**ORDER:**<br><br>**GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>**[ECF No. 13]** |

  Frank Purpura, ("Plaintiff"), a state inmate currently housed at the Richard J. Donovan Correctional Facility ("RJD") and represented by counsel, is proceeding in this civil rights action pursuant to 42 U.S.C. Section 1983. (ECF No. 1, Compl.) On February 23, 2021, Plaintiff filed his First Amended Complaint )"FAC") alleging that Defendant Calvert, Chairperson of the Institutional Classification Committee ("ICC"), violated Plaintiff's Eighth Amendment rights by housing a "Level 4" inmate with Plaintiff who battered and stabbed Plaintiff on June 16, 2019. (*See id.* at 3.)

Currently before the Court is Defendant Calvert's Motion to Dismiss Plaintiff's FAC. (*See* ECF No. 13.) Defendant asserts that Plaintiff fails to state a claim upon which relief may be granted and the Court should decline to exercise supplemental jurisdiction over Plaintiff's state negligence cause of action (*See generally id.*) Plaintiff has filed an Opposition and Defendant has filed a Reply. (ECF Nos. 15, 17.) Having carefully considered Defendant's Motion, Plaintiff's FAC, and his Opposition, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's FAC with leave to amend.

## I. Plaintiff's Allegations

Plaintiff claims that the ICC has "four levels of classification" for inmates. (FAC at 3.) The "lower the number assigned, the less of a risk the inmate is deemed to be." (*Id.*) Plaintiff was a "Level 2" inmate. (*Id.*) On June 16, 2019, Plaintiff was "battered and stabbed by a Level 4 inmate" who was "improperly classified into Plaintiff's yard." (*Id.*) This inmate had a "known history of attacking inmates." (*Id.* at 4.) Plaintiff claims that "housing Level 2 inmates alongside Level 4 inmates puts Level 2 inmates at severe risk of harm." (*Id.*) As a result of the attack, Plaintiff was "cut seven (7) times, stabbed twice, had seven (7) stitches in his right bicep, re-tore his rotator cuff in his right shoulder," and has "experienced anxiety and PTSD." (*Id.*)

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cnty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**III.    Discussion**

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

   A.    <u>Eighth Amendment claim</u>

Plaintiff alleges violations of the Eighth Amendment, specifically prison officials' "failure to protect" Plaintiff from the danger he argues that they knew would happen by

"housing Level 2 inmates alongside Level 4 inmates." (Compl. at 4.) "'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). The second prong of this test is subjective, and "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837. "'Deliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Hearns*, 413 F.3d at 1040 (quoting *Farmer*, 511 U.S. at 835) (internal alterations omitted)). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Plaintiff's FAC alleges that Defendant Calvert, as Chairperson of the ICC, was responsible for placing a Level 4 inmate with Level 2 inmates causing Plaintiff to suffer injuries as a result from an attack by a Level 4 inmate. (*See* FAC at 3-5.) Plaintiff contends that this action was deliberately indifferent to the safety of Plaintiff and other Level 2 inmates because Level 4 inmates cause a greater risk of harm to lower level inmates and a policy exists to never house them together. (*See id.*) It is further alleged that the Level 4 inmate who attacked Plaintiff had a "known history of attacking inmates." (*Id.* at 4.)

Defendant argues that Plaintiff's allegations, taken as true, does not include an allegation that Defendant Calvert "knew inmate Bevell would harm Plaintiff if they were both housed on the same yard." (*See* ECF No. 13, at 6.) Specifically, Defendant argues that there "is no allegation that Defendant Calvert knew inmate Bevell, knew of any issues

between inmate Bevell and Plaintiff, knew that inmate Bevell would harm Plaintiff or anyone else, or that he even had a suspicion that Bevell would attack Plaintiff." (*Id.*)

Plaintiff argues that Defendant Calvert "intentionally classified Inmate Bevell into Plaintiff's yard" and "[p]utting a Level 4 inmate in a yard with Level 2 inmates . . . let alone a Level 4 inmate with a history of attacking inmates . . . objectively causes a substantial risk of harm." (ECF No. 15 at 4.) In addition, Plaintiff disputes Defendant's argument that Calvert did not need to know that inmate Bevell would attack Plaintiff but rather that they "knew their action 'would pose a substantial risk of serious harm to someone' in the same situation as Plaintiff." (*Id.* citing *Lemire v. California Dep't of Corrections and Rehabilitation*, 726 F.3d 1062, 1077-78 (9th Cir. 2013).

Plaintiff also disputes Defendant's argument that "Plaintiff, as a Level 2 inmate, could be housed on a Level 3 yard and inmate Bevell, as a Level 4 inmate could also be housed on a Level 3 yard" and states that this argument "is a misstatement of what Plaintiff alleged." (ECF No. 13 at 6.) Plaintiff acknowledges that inmates can be housed "with inmates on level above or one level below their classification." (ECF No. 15 at 6.) However, in his FAC Plaintiff alleged that "Level 2 inmates are never supposed to be lodged with Level 4 inmates; they are only supposed to be housed with other Level 2 inmates, or inmates one level above or below." (ECF No. 9 at 3.) As Plaintiff makes clear in his Opposition to Defendant's Motion, "a yard with Level 3 inmates, therefore, might often have Level 4 inmates or Level 2 inmates, but not both" and he acknowledges he "would not have the same standing [] if he were a Level 3 inmate because he could not claim he was improperly housed with a Level 4 inmate." (ECF No. 15 at 6.)

However, in order to show deliberate indifference on the part of Defendant Calvert, Plaintiff must satisfy a "two part inquiry." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2011). First, Plaintiff must show that "prison officials were aware of a 'substantial risk of serious harm' to an inmates health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). This can be done "if the inmate shows that the risk posed by the deprivation is obvious." *Id.* (citing *Farmer*, 511 U.S. at 842 ("[A] factfinder may conclude that a prison

official knew of a substantial risk [to a prisoner's health] from the very fact that the risk was obvious.")). Whether a risk is "obvious" is determined "in light of reason and the basic general knowledge that a prison official may be presumed to have obtained regarding the type of deprivation involved. *See id.* at 1151. "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." *Id.* at 1150-51 (citing *Farmer*, 511 U.S. at 844).

      Here, the Court agrees that Plaintiff's FAC lacks sufficient factual allegations that Defendant Calvert knew of a substantial risk of serious harm to Plaintiff's health or safety. Other than identifying Defendant Calvert as a defendant, there are no allegations in the summary of facts in Plaintiff's FAC linking Defendant Calvert to any alleged constitutional violation. In Plaintiff's FAC he sets forth the allegation that "Inmate Bevell was improperly classified into Plaintiff's yard." (ECF No. 9 at 4.) This conclusory allegation does not link any action by Defendant Calvert to the decision to house a Level 4 inmate with Plaintiff. The only specific factual allegation as to Defendant Calvert is that he "was the chairperson of the Inmate Classification Committee (ICC) at all times alleged herein." (*Id.* at 2.) To satisfy the second subjective pleading requirement, Plaintiff must "plead factual content" to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that each also drew and disregarded that inference. *Iqbal*, 556 U.S at 678; *Farmer*, 511 U.S. at 837. Plaintiff's FAC fails to allege that Defendant Calvert was personally aware that a Level 4 inmate was housed with Plaintiff or that Defendant Calvert disregarded the idea that this situation would lead to violence against Plaintiff.

      Plaintiff's claim that "Defendants knew that housing Level 2 inmates alongside Level 4 inmates puts Level 2 inmates at severe risk of harm" is conclusory and unsupported by any facts. Plaintiff's FAC suggests that he may be seeking to hold Defendant liable in his supervisory capacity as opposed to having direct knowledge of the events giving rise to this action. However, there is no *respondeat superior* liability under Section 1983, and as a result, in order to state a claim against Defendant Calvert, Plaintiff must allege his

"'personal involvement in the constitutional deprivation'" or "'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer*, 511 U.S. at 837); *see also Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." (emphasis in original)).

Because Plaintiff has not alleged sufficient "factual content that allows the court to draw the reasonable inference" that Defendant Calvert was deliberately indifferent to Plaintiff's safety, Defendant's Motion to Dismiss the claims against Defendant Calvert is **GRANTED**. *See Iqbal*, 556 U.S. at 678.

B.   <u>State Supplemental Claim</u>

The only remaining claims in Plaintiff's FAC are his claims brought under California state law. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). For all the reasons stated above, the Court finds that Plaintiff fails to state a plausible claim for relief pursuant to 42 U.S.C. § 1983. Therefore, in the absence of any viable federal claim upon which § 1983 relief may be granted, the Court exercises its discretion and DISMISSES all

Plaintiff's supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

## IV. Leave to Amend

The Court grants Plaintiff **forty-five (45) days** leave to amend to cure the deficiencies in his claims against Defendant Calvert. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." (quotation omitted)).

## V. Conclusion and Orders

Accordingly, the Court:

(1) **GRANTS** Defendant's Motion to Dismiss Plaintiff's FAC (ECF No. 13);

(2) **GRANTS** Plaintiff **forty-five (45) days** leave to file a Second Amended Complaint. If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final order dismissing this action in its entirety based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: October 18, 2021

Hon. John A. Houston
United States District Judge