UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PURPURA,<br><br>                                          Plaintiff,<br><br>v.<br><br>DOES MEMBERS OF THE INMATE<br>CLASSIFICATION COMMITTEE, et al.<br><br>                                          Defendants. | Case No.: 20-cv-1688 JAH (BGS)<br><br>**REPORT AND<br>RECOMMENDATION TO GRANT<br>DEFENDANT'S MOTION TO<br>DISMISS**<br><br>[ECF 21] |

Defendant R. Calvert has filed a Motion to Dismiss Plaintiff Frank Purpura's Third Amended Complaint ("TAC"). (ECF 21.) Defendant argues Plaintiff's TAC still fails to state a claim under the Eighth Amendment because it lacks sufficient allegations Defendant acted with deliberate indifference. (*Id.*) Plaintiff has filed an Opposition and Defendant a Reply. (ECF 23-24.)

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons discussed below, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

# I.   BACKGROUND

## A.   Procedural History

Following the filing of the initial Complaint (ECF 1) and the granting of Plaintiff's Motion to Proceed *In Forma Pauperis*, Plaintiff filed a First Amended Complaint ("FAC"). (ECF 6 (granting IFP); ECF 9 (FAC).)

Plaintiff's First Amended Complaint ("FAC"), asserting a claim for violation of the Eighth Amendment,[1] was dismissed with leave to file an amended complaint. (ECF 18.) The FAC alleged that Plaintiff, a Level 2 inmate, was stabbed by a Level 4 inmate with a known history of attacking inmates. (FAC ¶¶ 10, 12, 14, 17.) Plaintiff alleged that putting Level 2 inmates and Level 4 inmates in the same yard put Level 2 inmates at severe risk of harm and that Plaintiff was stabbed and cut when attacked by a Level 4 inmate. (ECF 18 at 2 (summarizing allegations of FAC).) As discussed in more detail below, the Court found the FAC "lacked sufficient allegations that Defendant Calvert knew of a substantial risk of serious harm to Plaintiff's health or safety." (*Id.* at 6.) More specifically, the Order indicated the FAC lacked allegations showing Defendant "was aware of facts from which the inference could be drawn that a substantial risk of harm existed," *i.e.* deliberate indifference. (*Id.* at 6-7.)

On November 29, 2021, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF 19.) Plaintiff then filed his TAC on December 20, 2022. (ECF 20.) Defendant now moves to dismiss the TAC. (ECF 21.)

## B.   Third Amended Complaint

Plaintiff's TAC includes many of the same allegations stated in the FAC that were, alone, insufficient to state a claim under the Eighth Amendment. (TAC [ECF 20], ECF 18 (Order granting motion to dismiss FAC)4.) Plaintiff alleges that the ICC has "four

---

[1] The FAC also asserted a state law claim for violation of California Government Code § 844.6[d]. (FAC at 5.) The district court declined to exercise supplemental jurisdiction over that claim in the Order dismissing the only federal claim asserted. (ECF 18 at 7-8.)

levels of classification" for inmates and that the "lower the number assigned, the less of a risk the inmate is deemed to be." (TAC ¶¶ 8-9; FAC ¶ 9.) Plaintiff asserts that "Level 2 inmates are never supposed to be lodged with Level 4 inmates" and "Defendant knew that housing Level 2 inmates alongside Level 4 inmates puts Level 2 inmates at severe risk of harm." (TAC ¶¶ 11, 17; FAC ¶ 11.) Plaintiff claims that: he was a "Level 2 inmate housed with Levels 2 and 3;" Inmate Bevell was a Level 4 inmate "improperly placed [into] Plaintiff's yard;" and realleges Plaintiff's injuries, including increased anxiety and PTSD as a result of the attack. (TAC ¶¶ 10, 13, 1, 22, 24; FAC ¶¶ 10, 12-13, 17.) The TAC, like the dismissed FAC, also alleges "housing Level 2 inmates alongside Level 4 inmates puts Level 2 inmates at severe risk of harm" and that Inmate Bevell had a "history of attacking inmates." (TAC ¶ 14; FAC ¶ 15.)

The new allegations added in the TAC primarily concern Inmate Bevell's citations and Defendant's knowledge regarding Inmate Bevell, although Plaintiff has also added generally that: levels for inmates are "based on factors such as violence potential and behavior history;" that Defendant, "as the chairperson [of the Inmate Classification Committee ("ICC")] makes the final decision about where an inmate is placed;" and "[t]hat final decision includes the ability to override the remaining members of the ICC." (ECF TAC ¶¶ 9, 20-21.[2]) The TAC also asserts that "[n]o penological or rehabilitative interest for ICC existed in placing Inmate Bevell in a yard with Level 2 inmates." (TAC ¶ 19.)

As to Inmate Bevell, the TAC newly alleges he "had received citations, or Rules Violations Reports, for violence against inmates or weapons as recent as a year before he was placed in Plaintiff's yard." (TAC ¶ 15.) And, as to Defendant's knowledge, Plaintiff now asserts that Defendant was aware of Inmate Bevell's citations, knew Inmate Bevell's

---

[2] In noting the differences between the dismissed FAC and current TAC, the Court has considered the redline versions filed by Plaintiff in conjunction with the SAC and TAC. (ECF 20-1, 19-1.)

history included attacking "cellmates and weapons violations," "knew [Inmate Bevell] was a threat to Plaintiff and other inmates similarly situated," knew he was a Level 4 inmate, and "disregarded the threat Inmate Bevell posed to Plaintiff and other inmates." (TAC ¶¶ 12, 14-16, 18.)

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

Defendant moves to dismiss Plaintiff's Eighth Amendment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 21 at 1, 3-7.) A motion to dismiss under Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). "The court need not, however, accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

**B.    42 U.S.C. §1983 Standard**

Plaintiff's Eighth Amendment claim is brought under 42 U.S.C. § 1983. (ECF 20 ¶¶ 30-32.) "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "Section 1983 offers no substantive legal rights, but rather provides procedural protections for federal rights granted elsewhere." *Roberts v. Klein*, 770 F. Supp. 2d 1102, 1111 (D. Nev. 2011) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "Section 1983 is a 'vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials.'" *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006)).

"To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* at 1035–36 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (citing *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000), *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991), and *Iqbal*, 556 U.S. at 678).

**C.    Failure to Protect**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (citations omitted); *see also Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) ("The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.")(citing *Farmer*, 511 U.S. at 832–33 and *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir.2005)). "It is not, however every injury suffered by one prisoner at the hands of

another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

"The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns*, 413 F.3d at 1040 (quoting *Farmer*, 511 U.S. at 834); *see also Farmer*, 511 U.S. at 834 (Identifying two requirements that must be met to violate the Eighth Amendment: (1) "the deprivation alleged must be objectively 'sufficiently serious'" and (2) the "prison official must have a sufficiently culpable state of mind") (citations omitted).

### 1.   Deliberate Indifference

Defendant's Motion focuses primarily on the TAC's lack of factual allegations showing deliberate indifference. (ECF 21 at 6 (citing *Farmer*, 511 U.S. at 837).) "Deliberate indifference is a high legal standard." *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir.2004). An official must "know[] of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837;[3] *Labatad*, 714 F.3d at 1160. "'Deliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Hearns*, 413 F.3d at 1040 (quoting *Farmer*, 511 U.S. at 835) (internal alterations omitted)). "[A]n official's failure to alleviate a significant risk that he should

---

[3] In defining deliberate indifference, *Farmer* explains that the standard arises "from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834. "The Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Id.*

have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

## III.    DISCUSSION

Defendant asserts that the TAC still lacks any allegations that Defendant knew Inmate Bevell would harm Plaintiff if they were both housed in the same yard. (ECF 21 at 7.) Defendant acknowledges Plaintiff's new allegations in the TAC, but argues it still lacks any factual allegations that Defendant was aware of any issues between Inmate Bevell and Plaintiff, or even suspected Inmate Bevell would attack Plaintiff. (*Id.*) Defendant also points to the lack of any allegations that Plaintiff raised any concerns with anyone at the prison that Inmate Bevell posed any risk to him. (*Id.*) Defendant argues Plaintiff is still relying on the general and conclusory allegations that Level 2 inmates and Level 4 inmates should not be housed together, and that Defendant should have known Inmate Bevell posed a threat. (*Id.*)

Plaintiff argues he is not required to plead Defendant knew of a risk specific to Plaintiff. (ECF 23 at 6-7.) Rather, he asserts that it is sufficient if Inmate Bevell was a risk to any inmate in Plaintiff's position. (*Id.* at 7.) Additionally, Plaintiff argues Defendant's "knowledge of Inmate Bevell's tendency to attack inmates and possess weapons and the dangers of putting a Level-4 inmate in a yard with Level-2 inmates" establishes "more than a 'mere suspicion'" Inmate Bevell would attack and satisfies "the deliberate indifference standard." (*Id.* at 6.) Plaintiff also asserts that Defendant putting Plaintiff at a substantial risk of harm "is not even a question" because "putting an inmate known to attack in a yard with inmates known to be substantially less of a threat to other inmates puts those inmates at a substantial risk of harm." (*Id.* at 6-7.) Plaintiff also argues that his allegations establish Defendant's failure caused Plaintiff's injuries because Defendant "putting Inmate Bevell on a yard with Plaintiff and other Level 2 inmates resulted in Inmate Bevell attacking and causing Plaintiff['s]" injuries. (*Id.* at 7.)

### A.      Deliberate Indifference

The Court first addresses Plaintiff's argument that he is not required to plead a risk to Plaintiff specifically, as opposed to a risk to all inmates in his situation. (ECF 23 at 6.) The Court agrees that the substantial risk of serious harm need not be specific to an individual plaintiff. *Farmer* indicates as much and provides the example of prison officials being aware "that inmate rape was so common and uncontrolled that some potential victims dared not sleep but instead would leave their beds and spend the night clinging to the bars nearest the guards' station." 511 U.S. at 843-44 (citations omitted). The court explains that it "would be irrelevant to liability that officials could not guess beforehand precisely who would attack whom." *Id.* at 844.

However, the Court does not interpret Defendant's argument to dispute this point. Rather, Defendant is pointing out the absence of allegations that Defendant "knew inmate Bevell would harm Purpura *or anyone else*, knew of any issues between inmate Bevell and Purpura, or that he even suspected that Bevell would attack Purpura" to emphasize the lack of factual allegations showing Defendant was aware Inmate Bevell posed a substantial risk of serious harm. (ECF 21 at 7 (emphasis added).) Raising the absence of allegations that Plaintiff raised any concerns with Inmate Bevell to Defendant or that Inmate Bevell had any particular issues with Plaintiff simply emphasizes the absence of allegations that might have alerted Defendant to a risk of harm. As discussed in more detail below, the TAC is lacking non-conclusory factual allegations plausibly alleging Defendant was aware Inmate Bevell posed a substantial risk of serious harm to Plaintiff or anyone else.

In dismissing the FAC, the Court found Plaintiff's allegation that Defendant knew that housing Level 2 inmates with Level 4 inmates put Level 2 inmates "at severe risk of harm" and that Inmate Bevell was improperly classified into Plaintiff's yard were conclusory and unsupported by the facts. (ECF 18 at 6.) The same is true as to these allegations in the TAC. (TAC ¶ 17; FAC ¶ 15.) They are still conclusory assertions unsupported by facts. *See Iqbal*, 556 U.S. at ("[A] court considering a motion to dismiss

can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). Plaintiff's other allegations regarding Level 2 and Level 4 inmates are insufficient to show deliberate indifference. The allegation, in the FAC and TAC, that Level 4 inmates are more of a risk than Level 2 inmates, and the new allegation that the levels are based on violence potential and behavior history are generalized allegations that do not indicate a substantial risk of serious harm that was disregarded by Defendant. Alleging some inmates are more dangerous than others as a general matter is insufficient to show Defendant "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

The allegations regarding the Inmate Classification Committee ("ICC") also fail to show Defendant was aware of a substantial risk of serious harm. The TAC, like the FAC, again alleges that Defendant was the chairperson of the ICC. (FAC 9 ¶ 2; TAC ¶ 20.) In granting the Motion to Dismiss, the Court found that this allegation was insufficient to show Defendant "was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that [Defendant] also drew and disregarded that inference." (ECF 18 at 6 (citing *Iqbal*, 556 U.S. at 678 and *Farmer*, 511 U.S. at 837).) The TAC again alleges Defendant was the chairperson of the ICC, but as summarized above, adds that the chairperson of the ICC "makes the final decision about where an inmate is placed." (TAC ¶¶ 20-21.) Adding the general allegation that the chairperson makes final decisions regarding prisoner placement to the allegation Defendant was the chairperson does not change the insufficiency of these allegations. Being the chair and having the authority to decide placement does not mean Defendant was both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and [that Defendant] dr[e]w the inference." *Farmer*, 511 U.S. at 837. The Court finds these allegations inadequate to show Defendant was aware of a substantial risk of serious harm.

///

///

The TAC includes other conclusory allegations about what Defendant knew about Inmate Bevell. Like the FAC, the TAC again vaguely alleges Inmate Bevell had a history of attacking inmates, however, the TAC adds the allegation that Inmate Bevell "had received citations, or Rules Violations Reports, for violence against inmates *or* weapons as recent as under a year before he was placed in Plaintiff's yard." (TAC ¶ 15 (emphasis added).) Additionally, Plaintiff now alleges that Defendant knew of Bevell's history of attacking inmates and Inmate Bevell's citations, and that he knew Inmate Bevell was a physical threat to Plaintiff and other inmates similarly situated. (TAC ¶¶ 14, 16.) The Court finds these allegations are conclusory as to what Defendant knew. It is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Additionally, simply asserting Defendant was aware of these facts is essentially a "[t]hreadbare recital[] of [an] element of" deliberate indifference, that is, Defendant's "awareness of facts." *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Farmer*, 511 U.S. at 837 (Prison "official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Further, the alleged citations are vague in that they do not specify whether they regard weapons *or* physical violence against other inmates or when they occurred other than to allege within a year of Inmate Bevell being placed in Plaintiff's yard. They also lack any factual background as to their seriousness towards other inmates. These vague allegations of citations are insufficient to show Inmate Bevell posed a substantial risk of serious harm to inmates like Plaintiff simply by being in the same yard. Even assuming Defendant did know of these citations and that he placed Inmate Bevell in Plaintiff's yard, these generalized allegations regarding history do not rise to the level of deliberate indifference." *Hearns*, 413 F.3d at 1040 ("Deliberate indifference entails something more

than mere negligence). Without more factual detail, the citations do not sufficiently support the allegation that Defendant was aware of a substantial risk of harm to other inmates based on them. Speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to future health. *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007); *Evans v. Beck*, No. 1:12–cv–00284, 2012 WL 4747220, at *3-4 (E.D. Cal. 2012). "The possibility of harm is not equivalent to a substantial risk of harm." *Marrero v. Rose*, No. 1:10–cv–00509, 2013 WL 2991295, at *6 (E.D. Cal. 2013).

For the foregoing reasons the Court finds the TAC lacks sufficient factual allegations that would allow the Court to draw the reasonable inference that Defendant was deliberately indifferent to Plaintiff's safety. Accordingly, the Court recommends Plaintiff's Eighth Amendment claim be dismissed.

As Defendant accurately notes in his Reply brief, Defendant's Motion requested the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim if the federal claim was dismissed, and Plaintiff did not oppose this request in Opposition. (ECF 24 at 4.) Additionally, the Court notes that in dismissing the FAC, the Court declined to exercise supplemental jurisdiction over the state law claim in the absence of a viable federal claim and dismissed it. (ECF 18 at 7-8.) Given the lack of opposition and the Court's prior ruling, the Court recommends the same here.

## IV.    LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186

(9th Cir. 1987)). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Defendant seeks dismissal without leave to amend and with prejudice. (ECF 24 at 2 ("[B]ecause Purpura had several opportunities to cure the defects, the complaint should be dismissed without leave to amend."); ECF 24 at 4 ("[B]ecause he has failed after four opportunities to plead a viable claim, his lawsuit should be dismissed with prejudice.").)

Based on the record in this case there has been no undue delay, bad faith, or dilatory motive. There have been numerous attempts to amend. However, the Court notes that only the FAC and TAC have been the subject of a motion to dismiss. The FAC was filed prior to a motion to dismiss being filed, and Plaintiff filed two amended complaints, the SAC and TAC, before a second motion to dismiss was filed as to the TAC. In this respect, based on the record before the Court, there has only been one failure to cure the deficiencies identified by the court. Additionally, any prejudice to Defendants in having to respond to an amended pleading would not be undue. As to futility, as discussed above, Plaintiff's Eighth Amendment claim continues to rely heavily on conclusory and vague allegations. However, given the liberal policy favoring amendment, the possibility that Plaintiff might be able to cure the claim with amendment, and all other factors weighing in favor of amendment, the Court recommends dismissal with leave to amend.

## V.   CONCLUSION

For the reasons outlined above, **IT IS RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING** Defendants' Motion to Dismiss with leave to amend. (ECF No. 21.)

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **August 12, 2022**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that a reply to the objections shall be filed with the Court and served on all parties no later than **August 24, 2022**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated:  July 22, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge