UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PURPURA,<br><br>        Plaintiff,<br><br>v.<br><br>R. CALVERT, AND DOES MEMBERS OF THE INMATE CLASSIFICATION COMMITTEE, in their individual capacities,<br><br>        Defendants. | Case No.: 3:20cv01688-JAH-BGS<br><br>**ORDER:**<br><br>**(1) OVERRULING DEFENDANTS' OBJECTION;**<br><br>**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>**(3) DENYING DEFENDANTS' MOTION TO DISMISS**<br>**[Doc Nos. 29, 38, 39]** |

## INTRODUCTION

Pending before the Court is R. Calvert's ("Defendant") Motion to Dismiss the Fourth Amended Complaint. (Doc. No. 29). The Honorable Bernard G. Skomal, United States Magistrate Judge, issued a report and recommendation ("Report") recommending the Court deny Defendant's motion to dismiss the Eighth Amendment claim and state law claim and dismiss Plaintiff's Fourteenth Amendment claim without leave to amend. *See* Doc. No. 38. After careful consideration of the parties' submissions, and for the reasons

set forth below, the Court (1) **OVERRULES** Defendant's objection; (2) **ADOPTS** the magistrate judge's Report; (3) **DENIES** Defendant's motion to dismiss the Eighth Amendment and state law claim; and (4) **DISMISSES** Plaintiff's Fourteenth Amendment claim without leave to amend.

## BACKGROUND

Following this Court's order adopting the magistrate judge's report and recommendation and dismissing Plaintiff's third amended complaint with leave to amend, Plaintiff filed a fourth amended complaint on October 5, 2022. Plaintiff asserts claims for negligence and wrongful act and omission under Cal. Govt. Code § 844.6(d) and cruel and unusual punishment and failure to protect in violation of the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. No. 27). The complaint alleges, *inter alia*, that on June 16, 2019, Plaintiff, a Level 2 inmate housed with Levels 2 and 3 inmates, was battered and stabbed by a Level 4 inmate, Inmate Bevell, who was improperly classified into Plaintiff's yard ("incident"). *Id.* On October 21, 2022, Defendant filed a motion to dismiss the fourth amended complaint. (Doc. No. 29). On November 21, 2022, Plaintiff opposed the motion. (Doc. No. 34). On November 29, 2022, Defendant filed a reply. (Doc. No. 36).

On June 7, 2023, Judge Skomal filed the instant Report recommending that this Court deny Defendant's motion to dismiss. (Doc. No. 38). On June 21, 2023, Defendant objected to the Report. (Doc. No. 39). On July 5, 2023, Plaintiff filed a reply. (Doc. No. 40).

## DISCUSSION

### I. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The party objecting to the magistrate

judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests.  See Fed. R. Civ. P. 72(b).  It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous.  See Thomas v. Arn., 474 U.S. 140, 149-50 (1985).

## II.   Analysis

### a.   Magistrate Judge's Recommendation

The magistrate judge recommended that this Court deny Defendant's motion to dismiss the Eighth Amendment claim.  The magistrate judge found that the new allegation in the fourth amended complaint—namely, that Inmate Bevell had just completed time in the Segregated Housing Unit ("SHU") for stabbing another inmate at the time he was placed in Plaintiff's yard—is a non-conclusory and specific factual allegation that raises an inference that Defendant *knew* of facts from which the inference could be drawn that a substantial risk of harm existed and Defendant drew that inference.  The magistrate judge determined that, with the inclusion of the new factual allegations, Plaintiff's fourth amended complaint adequately pleads that Defendant acted with deliberate indifference to Plaintiff's safety by placing Inmate Bevell in his yard despite the risk.  The magistrate judge held that Plaintiff's allegations are sufficient to state a failure to protect claim under the Eighth Amendment.

The magistrate judge also determined that Plaintiff's state law claim for negligence/wrongful act and omission under California Government Code section 844.6(d) should not be dismissed because the court does not recommend that Plaintiff's federal § 1983 claim be dismissed.  Finally, the magistrate judge found that Plaintiff's claim for failure to protect under the Fourteenth Amendment is preempted by the Eighth Amendment.  As such, the Report recommends denying Defendant's motion to dismiss Plaintiff's Eighth Amendment claim and state law claim and recommends dismissing Plaintiff's Fourteenth Amendment claim without leave to amend.

### b. **Defendant's Objection**

Defendant objects to the magistrate judge's recommendation to deny Defendant's motion to dismiss and requests that the district court enter an order dismissing Plaintiff's complaint without leave to amend. Defendant argues Plaintiff's fourth amended complaint did not allege significant facts that Defendant knew or should have known another inmate would attack Plaintiff. Relying on *Farmer v. Brennan*, 511 U.S. 825 (1994), Defendant contends Plaintiff's allegations fail to satisfy the standard for criminal recklessness and allege, at most, Defendant was negligent. Defendant maintains here, unlike *Farmer*, the allegations show a "single, spontaneous, isolated incident" between Plaintiff and the other inmate. *See* Doc. No. 39 at 3. Defendant further maintains Plaintiff is required to allege facts that Defendant knew Inmate Bevell intended to harm Plaintiff specifically. Defendant distinguishes this action from *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005), a case cited in the Report, and argues the facts here are "too vague, conclusory, and speculative to infer knowledge." *Id.* Therefore, Defendant argues, his actions fail to rise to the level of criminal recklessness. Defendant further argues, if this Court does grant Defendant's motion to dismiss the Eight Amendment claim, Plaintiff's state law claims should also be dismissed.

In reply, Plaintiff argues his allegations meet the standard for criminal recklessness because he does not have to demonstrate Defendant knew about a specific risk to Plaintiff rather than a risk to all similarly situated inmates. Plaintiff contrasts *Farmer* and *Hearns*, arguing the alleged facts that Defendant knew about Inmate Bevell's tendency to attack other inmates, in addition to his recent term in the SHU and level 4 inmate status, are sufficient to establish deliberate indifference. Plaintiff further argues the incident was not an isolated incident, as Inmate Bevell stabbed and attacked other inmates prior to the incident.

In the Report, the magistrate judge looked to *Farmer* and determined that Plaintiff's pleading was sufficient because the new allegation raises an inference that Defendant knew of facts from which the inference could be drawn that a substantial risk of harm existed,

and Defendant drew that inference.  Because Defendant knew of Inmate Bevell's recent history, Defendant acted with deliberate indifference to Plaintiff's safety by placing Inmate Bevell in his yard despite the risk.  The "deliberate indifference" standard in *Farmer* requires that the official acted or failed to act despite his knowledge of substantial risk of serious harm.  511 U.S. at 842.  The official need not believe that harm would actually befall an inmate.  *Id.*  This Court agrees with the magistrate judge's finding that Plaintiff's new allegation is sufficient to raise an inference that Defendant had the requisite knowledge of substantial risk to Plaintiff.  Defendant's objection that Plaintiff did not allege significant facts that Defendant knew or should have known another inmate would attack Plaintiff is **OVERRULED**.

This Court may adopt the magistrate judge's findings and conclusions presented in the report that were not objected to so long as they are not clearly erroneous.  *See Thomas*, 474 U.S. at 149-50.  This Court's careful *de novo* review, as to the portions of the Report not specifically objected to, confirms that the magistrate judge presented a cogent analysis and, thus, finds the magistrate judge's findings and conclusions are not clearly erroneous.  Accordingly, this Court **ADOPTS** in full all portions of the magistrate judge's Report where no specific objection was raised.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' objection [Doc. No. 39] is **OVERRULED**;
2. The findings and conclusions of the magistrate judge presented in the report and recommendation [Doc. No. 38] are **ADOPTED in their entirety**;
3. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim and state law claim [Doc. No. 29] is **DENIED**;

//
//
//
//

4. Plaintiff's Fourteenth Amendment claim is **DISMISSED with prejudice**.

DATED: September 19, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE